**J. P. STEVENS EMPLOYEES EDUCATIONAL COMMITTEE, an unincorporated association, Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD, John Truesdale, Executive Secretary, Betty Southard Murphy, Chairman, John H. Fanning, Member, Howard Jenkins, Jr., Member, John A. Penello, Member, Peter D. Walther, Member, and Bernard Ries, Administrative Law Judge, Individually, and as Chairman, Members, and Administrative Law Judge, in their official capacities, Appellee,**

**Amalgamated Clothing and Textile Workers Union, Amicus Curiae.**

**No. 77–1811.**

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1978.

Decided Sept. 5, 1978.

Frank P. Ward, Jr., Raleigh, N. C. (Thomas F. Ellis, Robert A. Valois, Maupin, Taylor & Ellis, Raleigh, N. C., on brief), for appellant.

Patrick J. Szymanski, Atty., NLRB, Washington, D. C. (John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Assoc. Gen. Counsel, Elliott Moore, Deputy Assoc. Gen. Counsel, Washington, D. C., Janet C. McCaa, Atty., NLRB, Washington, D. C., on brief), for appellees.

Jonathan R. Harkavy, Smith, Patterson, Follin, Curtis, James & Harkavy, Greensboro, N. C., on brief, Arthur M. Goldberg and Joel R. Ax, New York City, on brief, for amicus curiae Amalgamated Clothing and Textile Workers Union, AFL–CIO, CLC.

---

\* Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1. The Textile Workers Union is now merged with the Amalgamated Clothing Workers Union, AFL–CIO, CLC.

2. 28 U.S.C. § 1292 reads in pertinent part:
   (b) When a district judge, in making in a civil action an order not otherwise appealable

Before WIDENER and HALL, Circuit Judges, and HOFFMAN,\* Senior District Judge.

K. K. HALL, Circuit Judge:

The issue presented in this appeal is whether a district court has jurisdiction to review National Labor Relations Board action in an ongoing administrative proceeding, before termination of the proceeding and entry of a final order by the Board. The court below held that it had no jurisdiction in this case. We affirm.

Appellant J. P. Stevens Employees Educational Committee ("Committee") brought an action in district court to compel the National Labor Relations Board ("Board") to allow the Committee to intervene in an unfair labor practice proceeding instituted by the Textile Workers Union, AFL–CIO ("Union")[1] against J. P. Stevens and Company, Inc. ("Stevens"), and to release to the Committee pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B) and (a)(6)(A), documents relating to contested orders issued by the Board. The district court concluded that it lacked jurisdiction to compel the Board to allow intervention in proceedings which were then pending before the Board, and, accordingly, dismissed portions of the complaint seeking such relief and denied the Committee's motion for a preliminary injunction to stay the proceedings. However, the court found jurisdiction to consider the claims arising under the Freedom of Information Act and, pursuant to 28 U.S.C. § 1292(b),[2] certified the question of its authority to review Board action before entry of a final order by the Board on the unfair labor practice proceeding. We granted leave for an interlocutory appeal.

under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, . . . .

The facts may be stated briefly. The Union became the exclusive statutory representative of production and maintenance employees at Stevens' Roanoke Rapids, N. C. facility, after winning an election in August, 1974. On or about July 30, 1975, the Union filed an unfair labor practice charge against Stevens under §§ 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) and (5), alleging coercion of employees in the exercise of their organizational rights, and failure to bargain collectively in good faith. Subsequent to filing this charge the Union instituted a boycott, attended by wide publicity, of all products produced by Stevens. The Committee was formed, after the boycott began, by employees of Stevens who oppose the Union and, more specifically, object to the boycott, because they fear that it will decrease demand for Stevens' products and thus eliminate their jobs. The Union, in an *Amicus Curiae* brief, alleges that the Committee opposes unions generally and that its anti-union activities closely parallel those of Stevens itself.

In October, 1976, the Committee filed a motion with the Board's Regional Director to intervene in the pending unfair labor practice proceedings, for the purpose of challenging the majority status of the Union and alleging that the Union was not discharging its duty to fairly represent employees. The Committee stated, with some inconsistency, that it was not attempting to stop the Board proceedings, but that it wished to introduce evidence on the threshold issue of whether the Union was entitled to invoke the Board's "remedial machinery."

The Regional Director denied the motion to intervene, stating that the Committee was not a necessary party to the proceedings and that the Committee's objections could be properly raised through Board representation procedures after final disposition of the pending proceeding against Stevens, and by filing an unfair labor practice

charge against the Union.[3] The Committee later renewed its request to intervene to the Administrative Law Judge conducting the unfair labor practice hearing. The request was again denied. The Committee's requests for special permission to appeal both rulings to the Board were denied.

■ It is well established that orders issued by the Board during the course of lawful administrative proceedings are not reviewable until termination of the proceedings and entry of a final order. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48 n.5, 49, 58 S.Ct. 459, 82 L.Ed. 638 (1938). The Committee recognizes this settled principle of judicial administration, but asserts that this case fits within two exceptions to the *Myers* rule. The first is invoked in the extraordinary circumstance where the Board exceeds its delegated powers or ignores a statutory mandate, and the absence of judicial review would sacrifice or obliterate a right created by Congress. *Leedom v. Kyne*, 358 U.S. 184, 188–9, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); *see also Taylor v. Cohen*, 405 F.2d 277, 279–81 (4th Cir. 1968) (en banc). The second, not previously accepted by this court, is invoked where there is an allegation, not "transparently frivolous," that Board action violates constitutional rights. *Fay v. Douds*, 172 F.2d 720, 723 (2d Cir. 1949).

■ In *Leedom*, the Board violated the National Labor Relations Act by including professional workers in a bargaining unit with non-professionals, without polling the professionals as required by the Act. 29 U.S.C. § 159(b)(1). This order of the Board, made in the course of an election proceeding, was not reviewable as a matter of course in the courts of appeals. On these facts the Supreme Court upheld the district court's exercise of jurisdiction to set aside the Board's order. This case is distinguishable from *Leedom*, since no statutory violation is involved; the Act makes interven-

---

**3.** The Committee filed an unfair labor practice charge against the Union, alleging violations of §§ 8(b)(1)(A) and (B) of the Act, 29 U.S.C. §§ 158(b)(1)(A), (B), but after review of the record and investigation, the Board found no merit to the Committee's allegations and refused to issue a complaint.

tion a matter of discretion for the trial examiner or the Board. 29 U.S.C. § 160(b). Furthermore, the Board's denial of a motion to intervene is reviewable in this court after the Board has concluded the unfair labor practice hearing and issued its final order. 29 U.S.C. § 160(f). Notwithstanding the Committee's frustration, "[t]he *Myers* ruling has consistently been approved and the principle has become well established that a district court does not possess the power to police either the procedural or the substantive purity of a proceeding in progress before the Board." *Intertype Company v. Penello*, 269 F.Supp. 573, 576 (W.D.Va.1967).

We have previously considered *Fay v. Douds* and found it unpersuasive. *Greensboro Hosiery Mills, Inc. v. Johnston*, 377 F.2d 28, 32 (4th Cir. 1967). Here, although the Committee's allegations of denial of due process and rights of association and petition may not be transparently frivolous, this ". . . does not warrant stopping the Board in its tracks." *Bokat v. Tidewater Equipment Company*, 363 F.2d 667, 672 (5th Cir. 1966). Any constitutional claims urged by the Committee can be properly reviewed by this court after termination of the lawful Board proceedings.

In addition to its argument that the district court has jurisdiction under *Leedom* or *Fay*, the Committee alleges jurisdiction under the Administrative Procedure Act, 5 U.S.C. §§ 701–06, citing this court's decision in *Deering Milliken, Inc., v. Johnston*, 295 F.2d 856, 865 (4th Cir. 1961). However, the Supreme Court has recently overruled *Deering Milliken*, holding that the A.P.A. does not provide an independent basis for jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 104 and n.4, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). In light of our holding that the district court has no other ground for jurisdiction to review Board action before the termination of pending Board proceedings, any issue of noncompliance with the A.P.A. is not properly raised.

The judgment of the district court is therefore

*AFFIRMED.*