**KENTUCKY SOCIETY OF INDUSTRIAL TRADES, INC. and O'Dell O. Harp, Plaintiffs-Appellants,**

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant-Appellee.**

No. 77–3514.

United States Court of Appeals, Sixth Circuit.

Dec. 14, 1979.

Joseph L. White, Pallo, White & Monsky, Louisville, Ky., for plaintiffs-appellants.

Janet C. McCaa, Aileen A. Armstrong, N. L. R. B., Washington, D.C., Foster V. Jones, Jr., Carroll, Miller & Conliffe, Edward L. Schoenbaechler, Louisville, Ky., for defendant-appellee.

Before MERRITT, MARTIN and JONES, Circuit Judges.

ORDER

The Kentucky Society of Industrial Trades and one of its members appeal a summary judgment in favor of the National Labor Relations Board. At issue is the power of the District Court to intervene when the Board has determined appropriate bargaining units.

On March 16, 1976, the Society filed a representation petition with the regional

director of the NLRB seeking a bargaining unit of certain employees at the General Electric Company plant in Louisville, Kentucky. A hearing was held, and it was determined the unit was already covered under a single multiplant bargaining unit of the General Electric National bargaining agreement. *General Electric Company*, 180 N.L.R.B. 986 (1970). The Board determined that the General Electric Company, with the acquiescence of the International Union of Electrical, Radio and Machine Workers, AFL–CIO and its Local 761, had recognized the multiplant unit rather than the previously certified separate units now sought by the Society. Under these circumstances the Board held that a single-plant unit which is not coextensive with the existing contractual unit would not be appropriate and dismissed the petition filed by the Society.

The Society filed a complaint in the United States District Court for the Western District of Kentucky. The allegations were that the Board's action was arbitrary and not only violated the National Labor Relations Act, but also the First Amendment to the Constitution.

■ The district court held that Section 9(b) of the National Labor Relations Act grants to the Board the authority to determine appropriate bargaining units. The law is clear that the Board has "a large measure of informed discretion . . ." and its decision will "rarely be disturbed." *Packard Motor Car Corp. v. N.L.R.B.*, 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947). The proof before the district court fails to show the Board has contravened a clear and specific statutory mandate. *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). The Society also has failed to show any substantial constitutional question in order to vest the district court with jurisdiction. *Fay v. Douds*, 172 F.2d 720 (2nd Cir. 1949).

IT IS ORDERED that the judgment of the district court be and it is hereby affirmed.