**UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 400, Affiliated with United Food and Commercial Workers, AFL-CIO, Appellant**

**v.**

**NATIONAL LABOR RELATIONS BOARD, et al.**

**No. 82-1147.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 4, 1982.

Decided Nov. 30, 1982.

William W. Thompson, II, Washington, D.C., with whom Robert E. Paul, Arlington, Va., was on brief, for appellant.

James Y. Callear, Atty. N.L.R.B., Washington, D.C., with whom Elliott Moore, Deputy Associate Gen. Counsel, Margery E. Lieber, Deputy Asst. Gen. Counsel, and Lawrence J. Song, Atty., N.L.R.B., Washington, D.C., were on brief, for appellees.

Before WRIGHT, WILKEY and WALD, Circuit Judges.

Opinion PER CURIAM.

**PER CURIAM:**

Appellant union, United Food and Commercial Workers, Local 400, AFL–CIO, seeks relief from an order of the district court dismissing a complaint against the National Labor Relations Board and Regional Director Louis J. D'Amico for lack of subject matter jurisdiction. The union sought to challenge a Board ruling in which it refused to set aside a representation election on the ground that a Board agent had violated the rule it announced in *Excelsior Underwear, Inc.,* 156 N.L.R.B. 1236 (1966), which requires that employers submit lists of employees eligible to vote in forthcoming union representation elections to the Board for use by unions prior to election proceedings.[1] The Board's decisions regarding representation are not, however, reviewable under the National Labor Relations Act except in very limited situations. Because the facts of this case do not bring it within one of these recognized exceptions, we affirm the decision of the district court.

### I. BACKGROUND

On February 27, 1981, the union filed a petition with the National Labor Relations Board seeking certification as the collective bargaining representative of a unit of employees of Murry's Steaks, Inc., a Delaware corporation (the company). The Board's Regional Director directed that an election be held on May 8, 1981. The company submitted a list of the employees eligible to vote in the forthcoming election to the Board. The Board forwarded this list to the union on April 14, 1981. The company later discovered that one employee had been left off the list and sent that name to the Board on April 15. The Regional Office, however, "neglected" to forward that name to the union.

---

1. The Board stated:
   [W]e now establish a requirement that will be applied in all election cases. That is, within 7 days ... after the Regional Director or the Board has directed an election pursuant to Sections 102.67, 102.69, or 102.85 thereof, the employer must file with the Regional Director an election eligibility list, containing the names and addresses of all the eligible voters. The Regional Director, in turn, shall make this information available to all parties in the case. Failure to comply with this requirement shall be grounds for setting aside the election whenever proper objections are filed.
   *Excelsior Underwear, Inc.,* 156 N.L.R.B. at 1239–40.

Because the union thought this last employee was ineligible to vote, it did not seek to contact him or to persuade him to vote for the union in the upcoming election. The union learned of the employee's eligibility just prior to the election on May 8.

The election was held as scheduled. There were eighteen votes for and eighteen votes against the union, with one vote—the "neglected" employee's—uncounted because of a union challenge. On May 13 the union withdrew its challenge without waiving any of its rights. On May 15, however, the union filed objections to the election because of the omission of the name from the *Excelsior* list. On July 2 the Regional Director ordered that the vote be counted. The union then requested that the Board review the Director's decision; the request was denied on August 17. The vote was counted and resulted in a 19–18 loss for the union.

On September 25 the union filed suit in district court seeking an order that the election be set aside and a new election directed. On January 20, 1982, the court dismissed the union's complaint for lack of subject matter jurisdiction. This appeal followed.

## II. ANALYSIS

■ As a rule, Board representation proceedings are nonadversarial actions and do not result in the issuance of judicially reviewable final orders. *American Federation of Labor v. National Labor Relations Board,* 308 U.S. 401, 409, 60 S.Ct. 300, 304, 84 L.Ed. 347 (1940). In general, therefore, the federal district courts are without jurisdiction to review Board rulings in this class of proceedings. *See Boire v. Greyhound Corp.,* 376 U.S. 473, 476–77, 84 S.Ct. 894, 896–897, 11 L.Ed.2d 849 (1964). Such rulings are reviewable in the courts of appeals

if and when they form the basis of a subsequent unfair labor practice charge. *Id.* at 477, 84 S.Ct. at 896. The only recognized exceptions to this rule are those rare instances in which (1) the Board has contravened a clear and specific statutory mandate, *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); (2) the Board has deprived a party of its constitutional rights, *McCulloch v. Libbey-Owens-Ford Glass Co.,* 403 F.2d 916, 917 (D.C.Cir.1968), *cert. denied,* 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969); or (3) the Board has interfered with the government's conduct of foreign relations, *McCulloch v. Sociedad Nacional de Marineros de Honduras,* 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963).

The union attempts to bring its present grievance within the first two exceptions to the nonreviewability rule. It contends that the Board's failure to live up to its own *Excelsior* doctrine constitutes the "clear statutory violation" contemplated by *Leedom v. Kyne* and that the Board's arbitrary and capricious violation of its own rules and the biased review of the Regional Director's decision not to set aside the election were "strong and clear" denials of the union's constitutional right to due process.

The union attempts to combine the *Excelsior* rule with sections 1 and 7 of the Act [2] to demonstrate a clear violation of a statutory scheme. The courts have required, however, that the Board must have disregarded a specific and unambiguous statutory directive before its actions will fall within the *Leedom v. Kyne* exception. *See Boire v. Greyhound Corp.,* 376 U.S. at 480–81, 84 S.Ct. at 898–99; *McCulloch v. Libbey-Owens-Ford Glass Co.,* 403 F.2d at 917.

■ The union has failed to demonstrate any such statutory violation here. The *Ex-*

---

2. Section 1 of the Act, 29 U.S.C. § 151, declares it to be "the policy of the United States ... [to protect] the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing ...." Section 7, 29 U.S.C. § 157, provides:

Employees shall have the right to self-organization, to form, join, or assist labor or-

ganizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities ....

*celsior* requirement does not specifically appear in the National Labor Relations Act. The rule was announced by the Board nearly two decades after enactment of the Act. Essential a tool as the rule may be to fair elections, it cannot reasonably be viewed as a statutory mandate violated by the Board's actions in this case. *See Physicians National House Staff Association v. Fanning,* 642 F.2d 492 (D.C.Cir.1980) (en banc), *cert. denied,* 450 U.S. 917, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981).

■ In addition, the union contends that the actions of the Regional Director and the Board in failing to send to it a complete list of eligible employees or subsequently to set aside the election violated its constitutional rights. We cannot agree. The courts have also construed this exception to the general rule of nonreviewability of representation proceedings very narrowly, requiring a "strong and clear" showing that the Board has acted in a manner infringing on the union's constitutional rights. *McCulloch v. Libbey-Owens-Ford Glass Co.,* 403 F.2d at 917.

■ The union's allegation that the Board has violated its own rules and regulations by refusing to set aside the election in this case does not fit within the narrow confines of the constitutional exception to nonreviewability. In the past, the Board has only required substantial compliance with the *Excelsior* rule. It has overlooked small errors or omissions in the *Excelsior* list and refused to set aside elections on that basis. *See Advance Industrial Security,* 230 N.L.R.B. 72 (1977); *Kentfield Medical Hospital,* 219 N.L.R.B. 174 (1975). Therefore, the Board's decision that including thirty-six of thirty-seven names on its *Excelsior* list constitutes substantial compliance with the rule cannot confer subject matter jurisdiction on the district court.

■ In addition, the union alleges that having the Regional Director and the Board review the Director's alleged transgressions violates its due process right to review untainted by personal bias. The cases require, however, that the probability of actual bias on the part of the decisionmaker be extremely high and presume the honesty and integrity of agency adjudicators. *See Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975). The possibility of biased decisionmaking in the Regional Director's refusal to set aside the election, and the Board's failure to disapprove of that action, while not entirely free of the possibility of the Director's bias in his own favor or of the Board's bias in favor of one of its own, is simply insufficient to constitute a level of actual bias so high as to deprive the union of a constitutional right. *See id.*

Thus, we affirm the district court's dismissal of the union's complaint for lack of subject matter jurisdiction. We cannot leave the case, however, without voicing our deep concern over the underlying facts set out in this record. There can be no doubt that the vote of the employee whose name was withheld proved to be the determinative vote in the election; we must therefore presume substantial harm to the union because it did not know that he should be included in their campaign efforts. If an employer had acted similarly, for whatever reasons, it seems clear from the Board's past precedent that it would not have treated the union's allegations in such a summary fashion. *See Advance Industrial Security,* 230 N.L.R.B. 72; *Ben Pearson Plant,* 206 N.L.R.B. 532 (1973); *Sonfarrel, Inc.,* 188 N.L.R.B. 969 (1971); *Pacific Gamble Robinson Co./Omaha Branch,* 180 N.L.R.B. 532 (1970). Candidly, it is difficult for us to understand why the Board chose to condone the crucial withholding here simply because one of its own agents was at fault. Although we are without jurisdiction to act in the case, we cannot refrain from an expression of disappointment at such seemingly insensitive behavior. We believe the union raised serious questions about the fairness of the election and the Board's responsibility for its defeat. The Board should have dealt forthrightly with the union's contentions; instead, it inexplicably chose not to even discuss them.

*Affirmed.*