Jose A. BLANCO, Plaintiff,

v.

The NATIONAL LABOR RELATIONS BOARD, et al., Defendants.

Civ. A. No. 85–4016.

United States District Court, District of Columbia.

July 30, 1986.

Michael Ernest Avakian, Edward F. Hughes, North Springfield, Va., for plaintiff.

Aileen Armstrong, N.L.R.B., Washington, D.C., for defendants.

## OPINION

JUNE L. GREEN, District Judge.

Plaintiff brings this action for injunctive relief and mandamus pursuant to 28 U.S.C. §§ 1331, 1337, 1361. Plaintiff seeks an order by the Court directing the National Labor Relations Board ("NLRB" or "Board") to investigate his decertification petition which the Board held in abeyance pending the resolution of unfair labor practice charges. Defendants have moved to dismiss the complaint, and plaintiff has opposed defendants' motion by filing for summary judgment. For the reasons set forth below, the Court grants defendants' motion to dismiss.

### Statement of Facts [1]

Plaintiff, Jose A. Blanco, is an employee of Marriott In-Flite Services, Inc. ("In-Flite") and is represented for purposes of collective bargaining by the International Association of Machinists and Aerospace Workers, AFL–CIO, Local 1894 ("union"). Plaintiff is not a member of the union.

In-Flite is a division of Marriott Corporation and is engaged in airline catering at John F. Kennedy International Airport where plaintiff is employed. The union has acted as the exclusive bargaining representative of In-Flite employees since its certification by the NLRB in September 1978. Since April 1, 1984, the union and In-Flite have been parties to successive collective bargaining agreements, including agreements effective from April 1, 1984, to March 31, 1985, and from April 1, 1985, to March 31, 1988.

On December 31, 1985, the union filed unfair labor practice charges against In-Flite with the NLRB. Board Case No. 29–CA–11602. The charges alleged, in essence, that In-Flite violated section 8(a)(1) of the National Labor Relations Act ("the Act"), 29 U.S.C. § 158(a)(1), by interrogating employees concerning their relationships with the union; by soliciting and encouraging employees to withdraw their membership in and support of the union; by promising employees job promotions and other benefits in their working conditions to induce the employees to refrain from becoming or remaining members of the union; by directing employees to remove their union insignia; and by threatening employees with discharge and other reprisals if they became or remained members of the union or supported it in any fashion. Exhibit D, attached to Complaint. Following an investigation of these allegations, the Board's Regional Director for Region 29 issued a complaint on the union's charges on February 28, 1985.

In the meantime, on January 23, 1985, plaintiff submitted to Region 29 of the NLRB a petition seeking the decertification of the union. The petition was supported by more than 30 percent of the employees in plaintiff's bargaining unit as required by Board regulation. See 29 C.F.R. § 101.18.

On March 6, 1985, NLRB Regional Director Samuel Kaynard informed plaintiff that his decertification petition was being dismissed. Mr. Kaynard indicated that he based his decision upon the belief that plaintiff was a supervisor within the meaning of section 2(11) of the Act. Plaintiff filed a request for review of the dismissal of his petition. On May 14, 1985, the Board remanded the case to the Regional Director for a hearing on plaintiff's supervisory status and ordered the petition reinstated. Pursuant to the Board's order a hearing on the supervisory issue was conducted from June 12 to June 20, 1985.

---

**1.** By order dated April 25, 1986, the Court allowed defendant to file its opposition statement of material facts out of time. Plaintiff has filed a motion asking that the Court reconsider that order. As the Court is disposing of this case on defendants' motion to dismiss, the Court need not address the motion for reconsideration. See *Prakash v. American University,* 727 F.2d 1174, 1182 n. 52 (D.C.Cir.1984).

Subsequently, on September 13, 1985, the Regional Director issued an amended unfair labor practice complaint based upon new evidence. The amended complaint re-alleged the unfair labor practices set forth above and added allegations that In-Flite management personnel had initiated and supported the circulation and execution of plaintiff's decertification petition. Exhibit F, attached to Complaint.

On September 19, 1985, the Regional Director notified the parties by letter of his decision to invoke the "blocking charge rule"—that is, to hold the decertification petition in abeyance in view of the pending unfair labor practice complaint.[2] In addition, the Regional Director indicated that the Board was considering the possibility of initiating contempt proceedings against In-Flite since the unfair labor practices alleged constituted conduct prohibited by an outstanding court decree. *See NLRB v. Marriott In-Flite Services*, 113 LRRM 3528 (2d Cir.1983), *cert. denied*, 114 LRRM 2568 (1983).

Plaintiff appealed the Regional Director's decision to the full Board on October 16, 1985, but on October 31, 1985, the Board affirmed. On November 27, 1985, the Board denied plaintiff's motion for reconsideration *en banc*. Plaintiff seeks a Court order instructing the Board to vacate its determination to hold the decertification petition in abeyance, to investigate the petition to determine whether a question of representation exists, and to conduct a decertification election if a question concerning representation is found to exist.

### Conclusions of Law

■ The Court and both parties agree that, as a general rule, federal district courts are without jurisdiction to review Board orders emanating from representation proceedings. *Hartz Mountain Corp. v. Dotson*, 727 F.2d 1308, 1310 (D.C.Cir. 1984). This is because representation proceedings under the Act are not adversary in nature and are not considered to result

in the issuance of a judicially reviewable final order. *American Federation of Labor v. NLRB*, 308 U.S. 401, 411, 60 S.Ct. 300, 304, 84 L.Ed. 347 (1940). Such rulings are reviewable under sections 10(e) and (f) of the Act, 29 U.S.C. §§ 160(e), (f), if and when they form the basis of a subsequent unfair labor practice proceeding. *Boire v. Greyhound Corp.*, 376 U.S. 473, 476–77, 84 S.Ct. 894, 896–97, 11 L.Ed.2d 849 (1964).

### A. *Leedom v. Kyne* Doctrine Does Not Apply

■ Plaintiff asserts that the doctrine announced by the Supreme Court in *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), establishes district court jurisdiction. In *Leedom v. Kyne*, the Court carved out a very narrow exception to the general rule that the district court is without jurisdiction to review Board orders issued in connection with representation proceedings. In the case where the Board acts in a manner that contravenes an express statutory prohibition and the aggrieved party has no alternative way of securing relief, a district court is vested with the authority to review the Board's determination. *Id.* at 188–90, 79 S.Ct. at 183–84. As numerous judicial opinions have emphasized, the *Leedom v. Kyne* doctrine may be invoked only in extraordinary circumstances.

> [T]o say that there are possible infirmities in an action taken by the Board by reason of an erroneous or arbitrary exercise of its authority in respect of the facts before it is not to conclude that there is jurisdiction in the District Court to intervene by injunction. For such jurisdiction to exist, the Board must have stepped so plainly beyond the bounds of the Act, or acted so clearly in defiance of it, as to warrant the immediate intervention of an equity court even before the Board's own processes have run their course.

*Local 130, International Union of Electrical, Radio & Machine Workers v.*

---

**2.** The blocking charge rule is a procedural policy set forth in section 11730 of NLRB's Casehan-

dling Manual, published by the NLRB's General Counsel's Office.

*McCulloch,* 345 F.2d 90, 95 (D.C.Cir.1965); *accord Boire v. Greyhound Corp.,* 376 U.S. at 481, 84 S.Ct. at 898. *Hartz Mountain Corp. v. Dotson,* 727 F.2d 1311–12.

■ Plaintiff argues that the Board's decision to hold plaintiff's decertification petition in abeyance violated the "clear and mandatory" language of section 9(c)(1) of the Act, 29 U.S.C. § 159(c)(1). That section provides, in pertinent part:

> Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board—
>
> \*     \*     \*     \*     \*     \*
>
> the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice.

To emphasize the significance of section 9(c)(1), plaintiff reminds the Court of the right of employees "to bargain collectively through representatives of their own choosing" and the corresponding right "to refrain from any or all such activities." 29 U.S.C. § 157.

Ever conscious of the important employee rights at stake here, the Court declines to read section 9(c)(1) in such a mandatory tone. "Section 9(c) hearings and investigations are particularly within the Board's discretion; the nature and scope of those proceedings were intentionally not specified in the Act but were to be developed in light of the Board's experience and expertise." *Newport News Shipbuilding & Dry Dock v. NLRB,* 633 F.2d 1079, 1081 (4th Cir.1980); *see also Lawrence Typographical Union v. McCulloch,* 349 F.2d 704, 707 (D.C.Cir.1965) (District court review of representation proceedings would violate express intention of Congress.)

Plaintiff relies primarily on two Fifth Circuit cases to support his position that the Board's use of the blocking charge rule was arbitrary and in violation of section 9(c)(1). *Suratt v. NLRB,* 463 F.2d 378 (5th Cir.1972); *Templeton v. Dixie Color Printing Co.,* 444 F.2d 1064 (5th Cir.1971). *Suratt* and *Templeton* both involved the automatic dismissal of decertification petitions because the union had filed "blocking charges." [3] In *Suratt* the charges were found to be without merit, while in *Templeton* the charges had been pending for almost four years at the time the decertification petition was dismissed by the Regional Director. These two cases held that the Board's mechanistic application of the blocking charge rule amounted to arbitrary action. That is, the effect of the Board's actions was to frustrate the petitioners' section 7 rights, 29 U.S.C. § 157, and was counter to the language of section 9(c)(1) that the Board conduct an investigation upon the filing of a decertification petition. *See Suratt v. NLRB,* 463 F.2d at 381 ("[T]he Board should not be allowed to apply its 'blocking charge practice' as a *per se* rule without exercising its discretion. . . .").

This case presents none of the peculiar facts that justified the district court's jurisdiction in *Suratt* and *Templeton.* *See Bishop v. NLRB,* 502 F.2d 1024, 1031 (5th Cir.1974) (*Suratt* and *Templeton* cases "had carved out a precarious exception to the general rule of review."). The union filed its unfair labor practice charge with the NLRB almost four weeks before plaintiff petitioned for decertification. An investigation proceeded and the Regional Director conducted some eight days of hearings on plaintiff's petition. The Regional Director continued the investigation and only invoked the blocking charge rule upon consideration of new evidence which indicated that plaintiff's petition might be the result of some impropriety on the part of In-Flite management personnel. Plaintiff's decertification appears to raise issues related to and dependent upon resolution of the issues raised by the unfair labor practice charges. Defendants have satisfied the terms of section 9(c)(1), and their exercise of the blocking charge rule appears to have

---

**3.** A "blocking charge" is the filing of an unfair labor practice charge by a union while a decertification petition is pending.

been well considered. *See generally NLRB v. A.J. Tower Co.*, 329 U.S. 324, 330, 67 S.Ct. 324, 327, 91 L.Ed. 322 (1946) (Congress "has entrusted the Board with a wide degree of discretion in establishing the procedure and safeguards necessary to insure the free and fair choice of bargaining representatives by employees."); *accord Hartz Mountain Corp. v. Dotson*, 727 F.2d at 1314.

Further, the Board's exercise of the blocking charge rule in this instance is supported by important policy considerations that underlie the Act. The Board's general obligation under the Act is to promote two goals: (1) employees' freedom of choice in deciding whether they want to engage in collective bargaining and whom they wish to represent them; and (2) the maintenance of established, stable bargaining relationships. *See J.I. Case Co. v. NLRB*, 321 U.S. 332, 338–39, 64 S.Ct. 576, 580–81, 88 L.Ed. 762 (1944). When these goals conflict, the Board's responsibility is to strike a sensible balance between them. Here, the use of the blocking charge rule is in accord with the Board's policy to preserve the "laboratory conditions" necessary to permit employees to cast their ballots freely and without restraint or coercion. *See NLRB v. Gissel Packing Co.*, 395 U.S. 575, 611–12, 89 S.Ct. 1918, 1938–39, 23 L.Ed.2d 547 (1969); *Edward J. Schlacter Meat Co.*, 100 NLRB 1171, 1172 (1952).

B. *Plaintiff's Constitutional Rights Have Not Been Violated*

■ Alternatively, plaintiff argues that by invoking the blocking charge rule the Board has deprived him of his first amendment rights. While it is true that the Court would have jurisdiction to enjoin Board action which violates the Constitution, no such situation is presented in this case. *See McColloch v. Libbey-Owens-Ford Glass Co.*, 403 F.2d 916, 917 (D.C. Cir.), *cert. denied*, 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1963).

In a number of cases, the lower federal courts have recognized as an exception to the general rule prohibiting review of representation proceedings, that the district court is vested with subject matter jurisdiction where the plaintiff makes a nonfrivolous assertion that the NLRB has infringed his constitutional rights. *See, e.g., Fay v. Douds*, 172 F.2d 720 (2d Cir.1949); *but see Greensboro Hosiery Mills, Inc. v. Johnston*, 377 F.2d 28 (4th Cir.1967) (declining to follow *Fay v. Douds* ). "The Courts have also construed this exception ... very narrowly, requiring a 'strong and clear' showing that the Board has acted in a manner infringing on the union's constitutional rights." *United Food & Commercial Workers v. NLRB*, 694 F.2d 276, 279 (D.C.Cir.1982) (citing *McCulloch v. Libbey-Owens-Ford Glass Co.*, 403 F.2d at 917).

As set forth *supra* at 418–419, plaintiff has made no "strong and clear" showing that the Board has violated any standard, constitutional or statutory. To the contrary, the Board has justified sufficiently its exercise of the blocking charge rule, here, since the legitimacy of the decertification petition is dependent upon the resolution of the unfair labor practice case.

Likewise, the Court finds unpersuasive plaintiff's due process argument, particularly in view of the narrowness of the *Leedom v. Kyne* exception. *See Boire v. Greyhound*, 376 U.S. at 481, 84 S.Ct. at 898. Because of the pending unfair labor practice charges, which have been found sufficiently meritorious to warrant the issuance of a complaint, no issue concerning representation can arise until such charges are resolved. *See Grissom v. NLRB*, 364 F.Supp. 1151 (D.C.La.), *aff'd.*, 497 F.2d 43 (5th Cir.1974). Furthermore, any final Board order entered in the unfair labor practice case is subject to appellate court review under sections 10(e), (f) of the Act, 29 U.S.C. §§ 160(e), (f). The courts have held that raising a constitutional issue concerning the Board's procedure, when judicial review is available in the courts of appeals, is insufficient to confer jurisdiction on the district court. *Squillacote v. International Brotherhood of Teamsters*, 561 F.2d 31, 38 (7th Cir.1977).

### Conclusion

Because plaintiff has not demonstrated that the Board has violated any clear and specific mandate, the Court must grant defendants' motion to dismiss for lack of subject matter jurisdiction. *See Hishon v. King & Spaulding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Kerr v. U.S. District Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976) (mandamus jurisdiction does not lie, either).