REMINGTON LODGING &
HOSPITALITY, LLC,
Petitioner,

v.

Richard AHEARN, in his official capacity as Regional Director of National Labor Relations Board, Region 19, Respondent.

Case No. 3:10–cv–00214–TMB.

United States District Court,
D. Alaska.

Oct. 28, 2010.

Adolf V. Zeman, Jr., DeLisio Moran Geraghty & Zobel, P.C., Anchorage, AK, Arch Y. Stokes, Karl Montague Terrell, Peter Glenn Fischer, Stokes Roberts & Wagner, Atlanta, GA, for Petitioner.

Dawn L. Goldstein, Senior Attorney, Abby Propis Simms, Deputy Assistant General Counsel, Nancy E. Kessler Platt, Supervisory Attorney, Mark G. Eskenazi, Attorney, National Labor Relations Board, Eric G. Moskowitz, Assistant General Counsel for Special Litigation, Washington, DC, Gary M. Guarino, U.S. Attorney's Office, Anchorage, AK, for Respondent.

## ORDER

TIMOTHY M. BURGESS, District Judge.

This matter comes before the Court on Petitioner Remington Lodging & Hospitality, LLC's request for a writ of mandate compelling Respondent Richard Ahearn, the Regional Director of NLRB Region 19, to take certain actions related to an underlying NLRB proceeding.[1] Respondent has filed an opposition to Petitioner's request, and asked the Court to construe its opposition as a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6).[2] For the rea-

---

1. *See* Dkt. 27.

2. Dkt. 37 at 2 n. 2.

sons stated below, the Court hereby DE-NIES Petitioner's request for a writ of mandate, GRANTS Respondent's motion to dismiss under Rule 12(b)(1), and DIS-MISSES the petition.[3]

## I. BACKGROUND

The National Labor Relations Act ("NLRA") provides that the NLRB may adjudicate labor disputes and collective bargaining representation issues.[4] As part of its duties, the NLRB adjudicates unfair labor practice ("ULP") charges filed by private parties[5] and investigates petitions raising representation questions and determines whether to hold representation elections.[6] The NLRB's General Counsel is tasked with investigating ULP charges, and determining whether to issue administrative complaints, leading to adjudications before the NLRB.[7] The General Counsel has delegated the initial power to decide whether or not to issue complaints to various regional directors.[8] Similarly, the regional directors are responsible for investigating representation petitions.[9] Respondent is the Regional Director for Region 19, which includes Alaska.[10]

Petitioner is the management company for the Sheraton Hotel in Anchorage, Alaska.[11] The Petitioner has been engaged in disputes with the Hotel workers' union, UNITE HERE, Local 878 ("Union"), since late 2008, in anticipation of the expiration of their collective bargaining agreement in early 2009.[12] After extensions, the agreement expired in August 2009.[13] Both Petitioner and the Union subsequently filed ULP charges with Respondent in October 2009 alleging that the other party failed to bargain in good faith.[14] Respondent eventually dismissed the Petitioner's ULP charge and decided to issue a complaint on the Union's charge.[15] Petitioner unsuccessfully appealed the dismissal.[16] Hearings are ongoing before an ALJ.

The Union subsequently filed additional charges, including claims that four employees were improperly discharged.[17] After Respondent threatened to seek injunctive relief under NLRA § 10(j),[18] Petitioner reinstated these individuals with back pay which it contends "settled" the charge.[19] Respondent never accepted this settlement, however, and Respondent contends that the charge remains relevant in the ULP proceeding.[20] The ALJ has decided not strike the charge, but is permitting Petitioner to argue that it is moot.[21]

3. Because the Court concludes that it lacks subject matter jurisdiction, it does not reach Respondent's request to dismiss Petitioner's Amended Petition under Rule 12(b)(6).

4. 29 U.S.C. §§ 159–60.

5. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 138, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) (citing 29 U.S.C. §§ 153(d), 160(b)).

6. 29 U.S.C. § 159(c).

7. *Sears*, 421 U.S. at 138–39, 95 S.Ct. 1504 (citations omitted).

8. *Id.* at 139, 95 S.Ct. 1504 (citing 29 C.F.R. §§ 101.8, 102.10).

9. 29 C.F.R. §§ 101.17–18.

10. Dkt. 27 ¶ 2.

11. *Id.* ¶ 1.

12. *See* Pet. Ex. 1 ¶¶ 2–8.

13. *Id.* ¶ 2.

14. Pet. Ex. 2, Attachs. H & I.

15. Pet. Ex. 1 ¶ 8.

16. Resp. Ex. 8.

17. Pet. Ex. 1 ¶ 15.

18. 29 U.S.C. § 160(j).

19. Pet. Ex. 1 ¶ 15.

20. Dkt. 27 at 3 n. 5.

21. Resp. Ex. 3.

In July 2010, both Petitioner and the Union filed additional ULP charges.[22] The Union's charges included allegations that Petitioner improperly withdrew recognition from the Union as the exclusive collective bargaining representative and solicited the employees to sign a decertification petition.[23] Petitioner declined to participate in the investigation of the Union's new charges, claiming that it did not have the resources to participate in the investigation and prepare for hearings on the prior charges that were scheduled for August 2010 before the ALJ.[24] Respondent subsequently decided to pursue the additional charges against Petitioner.[25] Petitioner's charges remain under investigation.[26]

In August 2010, during the hearing on the Union's ULP charges, Petitioner elicited testimony from Union representatives that it claims supports its original (now dismissed) ULP charge.[27] It subsequently asked Respondent to "reopen" the charge.[28] Respondent informed Petitioner that the proper procedure under the circumstances is to file a new ULP charge.[29] To the Court's knowledge, Petitioner has not done so.[30]

On September 23rd, a Hotel employee filed a petition to decertify the Union.[31] The decertification petition prompted the Union to file additional ULP charges.[32] Respondent has held the decertification petition in abeyance while seeking to resolve the ULP charges, consistent with the NLRB's "blocking charge rule." [33] Petitioner has not indicated whether it will seek review of this decision.[34]

Petitioner brought this action on September 23 (the same day the decertification petition was filed), seeking a writ of mandate and requesting that this Court schedule a hearing on shortened time.[35] The Court accordingly scheduled a hearing and, given Petitioner's request to hear the matter on shortened time, ordered Petitioner to serve Respondent and the Union with the original petition and supporting papers.[36] After some adjustments to the schedule, Petitioner filed an Amended Petition,[37] supporting memorandum of points and authorities,[38] and exhibits.[39] Subsequently, Respondent filed an opposition with exhibits,[40] the Union filed an opposition,[41] and Petitioner filed a reply.[42]

At the hearing on October 21, 2010, the Court heard oral argument from Petitioner

22. Pet. Ex. 1 ¶¶ 18–19.

23. Resp. Ex. 2 ¶¶ 7–12.

24. *Id.* ¶ 19. The Union persuasively observes that Petitioner's supposed lack of resources has not prevented it from bringing this action while continuing to contest the underlying proceeding. Dkt. 39 at 8 n. 2.

25. Pet. Ex. 1 ¶ 19.

26. *Id.* ¶ 18; Dkt. 28 at 24.

27. Pet. Ex. 1 ¶ 10.

28. *Id.*

29. Resp. Ex. 9.

30. As late as the hearing on October 21, 2010, counsel indicated that Petitioner had yet to file a new charge.

31. Pet. Ex. 2, Attach. J.

32. Pet. Ex. 1 ¶ 22.

33. Resp. Ex. 11.

34. *See* 29 C.F.R. § 102.71(b).

35. Dkt. 1. One of Petitioner's affiliates also brought an action against the Union on the same date. Dkt. 28 at 18 n. 6.

36. Dkt. 6.

37. Dkt. 27.

38. Dkt. 28.

39. Dkts. 29, 31–36.

40. Dkts. 37–38.

41. Dkt. 39.

and Respondent, requesting that the parties direct their arguments to the question of whether the Court had jurisdiction.[43] The Court permitted counsel for the Union to participate telephonically,[44] but advised the Union to file a motion to intervene if it wished to remain involved in the action.

## II. LEGAL STANDARD

▮▮▮ The parties agree that jurisdiction is available under the Mandamus Act[45] to compel a federal official to perform a duty if: "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available."[46] A claimant must have a "legal entitlement to relief" in order to satisfy the "clear and certain" requirement.[47] The claimant must point to "legally enforceable duties," such as agency regulations or pronouncements that " 'prescribe substantive rules-*not* interpretive rules, general statements of policy or rules of agency organization, procedure or practice,' and must have been 'promulgated pursuant to specific statutory grant of authority and in conformance with the proce-

dural requirements imposed by Congress.' "[48] In order to satisfy the second requirement, the official's duty must be "clearly ministerial."[49] Additionally, the third requirement is not ordinarily satisfied where a statutory method of review is available.[50]

Petitioner also argues that the Court has jurisdiction under the general federal question jurisdiction statute[51] because it is asserting a constitutional due process violation. Respondent argues that the general grant of jurisdiction under § 1331 is irrelevant when a specific statutory scheme exists.[52] In light of the case law discussed below (which is not limited to the Mandamus Act), the Court concludes that its analysis applies to both of Petitioner's asserted bases for jurisdiction.[53]

Respondent has also asked the Court to construe its opposition and supporting materials as a motion to dismiss under Rule 12(b)(1).[54] Where a party brings a "factual" motion to dismiss for lack of subject matter jurisdiction based on extrinsic evidence, the court may look "beyond the complaint without having to convert the motion to dismiss into a motion for summary judgment."[55] The proponents of

---

**42.** Dkt. 41.

**43.** Dkt. 53.

**44.** Dkt. 50.

**45.** 28 U.S.C. § 1361,

**46.** *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998).

**47.** *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir.2003).

**48.** *Id.* at 1022 (emphasis original; citations omitted).

**49.** *Barron v. Reich*, 13 F.3d 1370, 1376 (9th Cir.1994).

**50.** *Wilmot v. Doyle*, 403 F.2d 811, 816 (9th Cir.1968).

**51.** 28 U.S.C. § 1331.

**52.** *See Owner–Operators Indep. Drivers Assoc. of Am., Inc. v. Skinner*, 931 F.2d 582, 589 (9th Cir.1991) ("Specific grants of exclusive jurisdiction to the courts of appeals override general grants of jurisdiction to the district courts." (citation omitted)).

**53.** *Cf. Blanco v. NLRB*, 641 F.Supp. 415, 416 (D.D.C.1986) (evaluating request to review an NLRB representation decision under 28 U.S.C. §§ 1331, 1337 & 1361).

**54.** Dkt. 37 at 2 n. 2.

**55.** *See United States ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1200 n. 2 (9th Cir.2009) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004)).

subject-matter jurisdiction bear the burden of establishing its existence by a preponderance of the evidence.[56]

## III. DISCUSSION

As explained in its Amended Petition, Petitioner seeks an order from this Court compelling Respondent to: (1) stay the ULP proceeding while the Union votes on the decertification petition; (2) reopen its ULP charge against the Union based on alleged new evidence uncovered in the ULP hearings; (3) dismiss the ULP charge relating to the discharge of the four employees that it claims has been settled; (4) delay further ULP hearings so that it may participate in the investigation and defense of the Union's July ULP charges; and (5) declare that any injunctive relief that the NLRB may seek under NLRA § 10(j) is inappropriate to the extent that it is based on the dismissal of the four employees.[57]

In light of the caselaw discussed below, the Court will evaluate Petitioner's requests by the following four categories: (a) Petitioner's request to "re-open" its dismissed ULP charge; (b) Petitioner's requests related to the current ULP proceeding; (c) Petitioner's request that Respondent process the decertification petition; (d) Petitioner's request for declaratory relief; and (e) Petitioner's other contentions.

### A. "Re–Opening" Petitioner's ULP Charge

Petitioner requests the Court to order Respondent to "re-open" a ULP charge that he rejected.[58] Under the NLRA, the General Counsel has "final authority" to investigate ULP charges and issue complaints.[59] The General Counsel has delegated this duty to Respondent.[60] This duty is plainly discretionary.[61] The NLRB regulations provide that a complaining party may appeal a regional director's decision not to issue a complaint to the General Counsel's office in Washington.[62] Neither the statute nor the regulations provide any further means of review.[63] Accordingly, courts have held that the General Counsel's decision "not to file an unfair labor practices complaint is not judicially reviewable." [64]

Here, Respondent dismissed Petitioner's ULP charge and Petitioner appealed to the General Counsel, who upheld Respondent's decision.[65] After the initial hearings on the Union's ULP charges, Petitioner requested Respondent to "re-open" the dismissed ULP charge based on new testi-

---

Courts may consider matters of public record as extrinsic evidence. *See Gemtel Corp. v. Community Redev. Agency of L.A.,* 23 F.3d 1542, 1544 n. 1 (9th Cir.1994).

**56.** *See United States ex rel. Harshman v. Alcan Elec. & Eng'g, Inc.,* 197 F.3d 1014, 1018 (9th Cir.1999).

**57.** Dkt. 27 at 5–6.

**58.** *Id.* at 6.

**59.** *NLRB v. United Food & Comm. Workers Union,* 484 U.S. 112, 124–25, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987) (quoting 29 U.S.C. § 153(d)).

**60.** 29 C.F.R. §§ 101.5–6.

**61.** *See United Food,* 484 U.S. at 125–26, 108 S.Ct. 413 (noting that the "decisions whether to file a complaint are prosecutorial" and thus, represent an exercise of "unreviewable discretion").

**62.** *Id.* at 118–19, 108 S.Ct. 413 (citing 29 C.F.R. § 101.6).

**63.** *See id.*

**64.** *Sparks v. NLRB,* 835 F.2d 705, 706–07 (7th Cir.1987) (calling this "a bedrock principle of labor law" and citing *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 138–39, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975)).

**65.** Resp. Exs. 6–8.

mony in the hearings. Respondent informed Petitioner that the proper way to make its request was to file a new charge.[66] Petitioner has not done so.

At oral argument, Petitioner's counsel conceded that it does have a remedy. Petitioner simply does not like the required procedure. Petitioner's preferences are not sufficient to confer jurisdiction here. Petitioner has an adequate remedy which, to date, it has chosen not to pursue.

### B. ULP Proceeding

█ Petitioner's requested relief includes requests to stay the ULP proceeding so that it may participate in the investigation of new ULP charges and the employees may vote on whether to decertify the Union.[67] Petitioner also seeks to have charges related to the four reinstated employees dismissed.[68] All of these requests concern the current ULP proceeding.

Under the NLRA, a party may appeal an NLRB "final order" from a ULP proceeding in an appropriate circuit court of appeals.[69] A party may also wait and contest the order when the NLRB seeks to enforce it by filing an action in the circuit court of appeals.[70]

In *Amerco v. NLRB*,[71] the Ninth Circuit held that the NLRA's review process "is the exclusive mechanism for federal court review of decisions made in unfair labor practice hearings." In *Amerco*, the plaintiff was the parent corporation of an employer involved in a ULP proceeding.[72] After several weeks of hearings, the NLRB sought to add the plaintiff as a respondent in the proceeding.[73] The ALJ granted the NLRB's request, providing the plaintiff with the opportunity to recall witnesses or challenge evidence to the extent that the evidence bore on its derivative liability, but not on the employer's underlying liability for the primary offenses.[74] The plaintiff filed an action in the district court, seeking an injunction to halt the proceedings based on alleged due process violations.[75] The district court found that it had no subject matter jurisdiction.[76]

On appeal, the Ninth Circuit observed that the NLRA provides "exclusive jurisdiction in the courts of appeals to review errors arising from" ULP proceedings.[77] The court also noted that the Supreme Court had previously held that district courts do not have authority to enjoin ULP hearings because the NLRA "allows an appellate court to consider 'all questions of the jurisdiction of the Board and the regularity of its proceedings, and all questions of constitutional right or statutory authority.' "[78] The court indicated that this procedure is consistent with the policy of administrative exhaustion, which enables agencies to correct their mistakes

---

66. Resp. Ex. 9.

67. Dkt. 27 at 5–6.

68. *Id.* at 6.

69. 29 U.S.C. § 160(f).

70. *Id.* § 160(e). Where the appropriate circuit court of appeals is (or "are" if there are more than one) on vacation, the NLRB may seek enforcement in an appropriate district court. *Id.*

71. 458 F.3d 883, 884 (9th Cir.2006).

72. *Id.* at 885.

73. *Id.*

74. *Id.*

75. *Id.* at 886.

76. *Id.*

77. *Id.* at 887 (citing 29 U.S.C. § 160(f)).

78. *Id.* (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 49, 58 S.Ct. 459, 82 L.Ed. 638 (1938)).

before courts intervene and allows agencies to create a complete administrative record for judicial review.[79] In the absence of the exhaustion requirement, a party could substantially delay proceedings by seeking injunctive relief in the middle of the NLRB process.[80]

In spite of the statutory text, Supreme Court precedent, and policies favoring administrative exhaustion, the plaintiff in *Amerco* argued that the district court could exercise jurisdiction under the judicially created exceptions to the general prohibition under *Leedom v. Kyne* and *Fay v. Douds.*[81] In *Leedom*, the Supreme Court permitted a district court to enjoin the NLRB from acting in a manner that it had conceded violated its statutory directive.[82] In *Fay*, the Second Circuit suggested that a district court could exercise jurisdiction where a party asserts a non-frivolous constitutional violation.[83]

The Ninth Circuit noted that both *Leedom* and *Fay* arose in the context of NLRB representation proceedings under NLRA § 9, not ULP proceedings under § 10.[84] Unlike ULP proceedings, representation proceedings are not directly reviewable in federal court.[85] Thus, the *Leedom* and *Fay* decisions stand for the proposition that "the district court has jurisdiction to enter injunctive relief against certain representation decisions when a

party's statutory or constitutional rights otherwise might never be vindicated."[86] The Ninth Circuit further observed that the Supreme Court had more recently limited the *Leedom* exception to instances where the complaining party had no meaningful opportunity for judicial review.[87] Thus, the court held "that the *Leedom* and *Fay* exceptions do not apply outside the context of Section 9 actions or other situations in which meaningful judicial review is unavailable." [88]

In its reply memorandum, Petitioner attempts to limit the holding of *Amerco* by suggesting that it only applies where the complaining party has not exhausted its remedies.[89] Petitioner also argues that *Amerco* is distinguishable because it is not requesting the Court here to completely enjoin the underlying ULP proceeding, and therefore, issuing a writ of mandate will not "will not affect the record or prevent the NLRB from correcting any errors that may surface in the proceedings." [90] At oral argument, the Court asked Petitioner's counsel to address the *Amerco* case. Counsel argued that *Amerco* did not apply to a "denial of administrative due process," using the blocking charge rule as an example.

Petitioner's arguments are not persuasive. *Amerco* is squarely on point and

---

**79.** *Id.* at 888 (citation omitted).

**80.** *Id.* at 887–88.

**81.** *Id.* at 886, 888–89 (citing *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), and *Fay v. Douds*, 172 F.2d 720 (2d Cir.1949)).

**82.** 358 U.S. 184, 185–91, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).

**83.** 172 F.2d 720, 723 (2d Cir.1949)

**84.** 458 F.3d 883, 888–89 (9th Cir.2006).

**85.** *Id.*

**86.** *Id.* at 889.

**87.** *Id.* at 889 (citing *Board of Governors of the Fed. Reserve Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 43, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991)).

**88.** *Id.* at 889–90.

**89.** Dkt. 41 at 12.

**90.** *Id.* at 12–13. Petitioner also relies on *McCormick v. Hirsch*, 460 F.Supp. 1337 (M.D.Pa.1978), which the Ninth Circuit considered and rejected in *Amerco*, 458 F.3d 883, 890 (9th Cir.2006).

controls this Court's decision. The Ninth Circuit has explicitly stated that a denial of alleged constitutional rights (per *Fay*) does not apply to a review of a ULP proceeding. This is because Petitioner necessarily has an opportunity for meaningful judicial review after a final order is issued under § 10's procedures. Moreover, the writ of mandate requested by Respondent here prior to the natural conclusion of the ULP proceedings would wreak just as much havoc with the proceedings as completely enjoining them would. Respondent's invocation of the blocking charge rule, which relates to the decertification petition, does not provide any jurisdictional grounds for reviewing the ULP proceeding outside of the NLRA's statutory framework.

Accordingly, the Court lacks jurisdiction over Petitioner's request for it to intervene in the ULP proceeding.

### C. Decertification Petition

■ Although *Amerco* disposes of Petitioner's request to the extent that it applies to the ULP proceeding, *Amerco* left open the possibility that a district court may review decisions on representation issues because there is no similar procedure for direct review of those decisions in the NLRA.[91] Prior Ninth Circuit precedent also supports the proposition that district courts may have jurisdiction to review NLRB representation proceedings where the agency has exceeded or clearly violated its statutory powers or where there is a "substantial showing" that the complaining party's constitutional rights have been violated, per *Leedom* and *Fay*.[92] This Court must therefore determine whether the Respondent's invocation of the blocking charge rule to defer its consideration of the decertification petition either exceeds or clearly violates the NLRB's statutory powers or whether the Petitioner has made a "substantial showing" that the Respondent's action violates its constitutional rights. As explained below, the Court concludes that neither exception is satisfied.

■ Section 9(c) of the NLRA indicates that where a certification or decertification petition is filed, the NLRB "shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice."[93] If the NLRB finds that a question concerning representation exists, "it shall direct an election by secret ballot and shall certify the results thereof."[94] Generally, NLRB decisions in representation matters are only reviewable to the extent that they are raised in the review of ULP proceedings.[95] Congress did not intend for district courts to review representation decisions because the proceedings are non-adversarial.[96] Thus, representa-

**91.** *See Amerco*, 458 F.3d at 888–90.

**92.** *See Teamsters, Chauffeurs, Helpers & Delivery Drivers, Local 690 v. NLRB*, 375 F.2d 966, 969 (9th Cir.1967) (citing *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), and *Fay v. Douds*, 172 F.2d 720 (2d Cir. 1949)). In the more recent *Amerco* decision, the Ninth Circuit did, however, also observe that the Sixth Circuit had completely rejected the *Fay* doctrine, leaving open the possibility that it may do so as well. *See Amerco v. NLRB*, 458 F.3d 883, 890 n. 5 (9th Cir.2006) (citing *Blue Cross & Blue Shield of Mich. v. NLRB*, 609 F.2d 240, 244–45 (6th Cir.1979)).

**93.** 29 U.S.C. § 159(c).

**94.** *Id.*

**95.** *See Bishop v. NLRB*, 502 F.2d 1024, 1027 (5th Cir.1974) (citing, *inter alia*, *Boire v. Greyhound Corp.*, 376 U.S. 473, 476–77, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964)).

**96.** *Blanco v. NLRB*, 641 F.Supp. 415, 417 (D.D.C.1986); *see also Bishop*, 502 F.2d at 1027 n. 5 (quoting *Boire*, 376 U.S. at 477–78, 84 S.Ct. 894).

tion investigations and hearings are "particularly within the Board's discretion." [97]

The NLRB's "blocking charge rule" provides that it may hold a decertification petition in abeyance pending its processing of ULP charges.[98] In the absence of the blocking charge rule, an employer could potentially use unfair practices to foment employee dissatisfaction with the union.[99] Thus, the employer could wrongfully prompt employees to decertify the union and moot any potential relief that might remediate the unfair practices.[100] As the Fifth Circuit has explained:

> It would be particularly anomalous, and disruptive of industrial peace, to allow the employer's wrongful refusal to bargain in good faith to dissipate the union's strength, and then to require a new election which would not be likely to demonstrate the employees' true, undistorted desires.[101]

Thus, where a petition to decertify the union is related to the ULP charges, the "blocking charge rule" prioritizes the agency's consideration of the ULP charges to ensure that any decertification proceedings are handled in an uncoerced environment.[102]

Petitioner argues that Respondent has violated its statutory duties because it has not held a hearing on the decertification petition. Petitioner relies heavily on the Fifth Circuit's decision in *Surratt v. NLRB* in support of its argument.[103] In *Surratt*, the regional director had dismissed a decertification petition pursuant to the blocking charge rule.[104] The NLRB affirmed the regional director's decision "solely" based on the fact that a ULP complaint had been issued.[105] The district court found that it had jurisdiction and directed the court to investigate the decertification petition and to hold a hearing if it concluded that there was "reasonable cause to believe that a question of representation affecting commerce exists[.]" [106] The Fifth Circuit affirmed, finding that the Board had violated its "clear duty" to investigate the decertification petition by "mechanical[ly]" applying the blocking charge rule.[107]

Subsequent Fifth Circuit precedent, however, has explained that the *Surratt's* holding is narrow and only applies where the NLRB applies the blocking charge rule in a "mechanical" and "utterly arbitrary" manner.[108] Moreover, these decisions explain that the NLRB's duty is to

---

97. *Blanco*, 641 F.Supp. at 418 (quoting *Newport News Shipbuilding & Dry Dock v. NLRB*, 633 F.2d 1079, 1081 (4th Cir.1980)).

98. *See id.* at 417.

99. *See Bishop v. NLRB*, 502 F.2d 1024, 1028 (5th Cir.1974).

100. *Id.* at 1028–29.

101. *Id.* at 1028 (quoting *NLRB v. Big Three Indus., Inc.*, 497 F.2d 43, 51–52 (5th Cir. 1974)).

102. *See id.* at 1028–29.

103. 463 F.2d 378 (5th Cir.1972).

104. *Id.* at 380.

105. *Id.*

106. *Id.* at 380–81.

107. *Id.* at 381; *see also Templeton v. Dixie Color Prtg. Co.*, 444 F.2d 1064, 1065–66, 1069–70 (5th Cir.1971) (finding that district court had jurisdiction pursuant to *Leedom* under the "peculiar" facts there where the decertification petition had been held in abeyance for three years and accordingly, the NLRB had failed to carry out its "specific mandate" to investigate the petition).

108. *Bishop v. NLRB*, 502 F.2d 1024, 1029–32 (5th Cir.1974); *see also Formosa Plastics Corp., La. v. Kaplan*, 87 F.3d 1311, No. 95–31049, 1996 WL 335508, at *2 (5th Cir. May 14, 1996).

"investigate" first, and then only hold a hearing after it determines that "reasonable cause to believe that a question of representation affecting commerce exists[.]"[109] Other courts have agreed that jurisdiction only exists where the NLRB "completely abrogates" its statutory responsibility to conduct an investigation.[110]

Petitioner also relies on the District of Nevada's decision in *Sparks Nugget, Inc. v. Scott.*[111] In *Sparks Nugget*, the regional director had invoked the blocking charge rule, holding petitioner's decertification petition in abeyance for over a year.[112] The court concluded that it had jurisdiction under *Leedom* because the NLRB had failed to process the petition as required by the statute.[113] The court also found that it had jurisdiction under *Fay* because the petitioner contended that the NLRB's delay constituted a "clearly colorable" due process violation.[114] In doing so, the court relied on the Middle District of Pennsylvania's decision in *McCormick v. Hirsch.*[115]

After finding that it had jurisdiction, the *Sparks Nugget* court, however, ultimately found that the NLRB had satisfied the "minimal standard" under the statute that required it to investigate the decertification petition and decide to whether to invoke the blocking charge rule.[116]

Also within this Circuit, however, the Western District of Washington reached the opposite conclusion in *McKesson Corp. v. NLRB.*[117] There, the regional director dismissed an employee's previously filed decertification petition after issuing a ULP complaint alleging that the employer solicited the employees to sign the decertification petition.[118] After the complaint was subsequently dismissed at the union's request, the regional director refused to reinstate the petition because it concluded that it remained "tainted."[119] The court found that it had no jurisdiction under *Leedom* because § 9 "does not dictate the scope" of the NLRB's investigation and therefore, the employer could not "identify

---

109. *See NLRB v. Big Three Indus., Inc.*, 497 F.2d 43, 54 (5th Cir.1974); 29 U.S.C. § 159(c). Notably, although NLRB precedent suggests that Respondent may not *dismiss* a decertification petition without holding a hearing, *see Saint Gobain Abrasives, Inc.*, 342 N.L.R.B. 434 (2004), Petitioner cites no statutory provision requiring Respondent to hold a hearing before *deferring* a determination on a decertification petition. Nor does the Ninth Circuit's decision in *East Bay Automotive Council v. NLRB*, 483 F.3d 628, 634 (9th Cir.2007), require a hearing before Respondent invokes the blocking charge rule. Although that decision, which was under review pursuant to NLRA § 10(e) and (f), discussed the *"Master Slack"* factors the NLRB uses to substantively evaluate a ULP charge related to an employer's withdrawal of recognition of the union as exclusive collective bargaining agent, it did not purport to require the NLRB to consider those factors before invoking the procedural blocking charge rule. *See id.; see also Albertson's, Inc. v. NLRB*, 161 F.3d 1231, 1238–39 (10th Cir.1998) (suggesting that the NLRB need not make a finding that a petition was "tainted" under the *"Master Slack"* anal-

ysis before employing the blocking charge procedure).

110. *Newport News Shipbuilding & Dry Dock v. NLRB*, 633 F.2d 1079, 1082 (4th Cir.1980); *see also Blanco v. NLRB*, 641 F.Supp. 415, 418–19 (D.D.C.1986).

111. 583 F.Supp. 78 (D.Nev.1984).

112. *Id.* at 80–81.

113. *Id.* at 81.

114. *Id.* at 82.

115. *Id.* (citing 460 F.Supp. 1337, 1347 (M.D.Pa.1978)).

116. *Id.* at 83.

117. No. C96–1230R, 1996 WL 780552, at *1–2 (W.D.Wash.1996).

118. *Id.* at * 1.

119. *Id.*

a specific statutory provision violated by the Director or the Board in dismissing the decertification petition." [120] The court also concluded that the employer's allegation that the NLRB's failure to properly investigate the petition and hold a hearing violated its due process rights did not amount to a "strong and clear showing" necessary for jurisdiction under the *Fay* exception.[121]

This Court cannot conclude that Respondent's invocation of the blocking charge rule either clearly violates his statutory powers or demonstrably violates Petitioner's constitutional rights. Respondent did not apply the blocking charge rule mechanistically. Indeed, Respondent has alleged that Petitioner unlawfully withdrew recognition of the union as the exclusive bargaining representative and coerced employees to sign the decertification petition.[122] These actions, if true, could have plainly created a "tainted" environment. Consequently, Respondent did not fail to carry out his statutory duties and there is no jurisdiction under the narrow *Leedom* exception.

Additionally, Petitioner has not made a substantial showing that the Respondent's invocation of the blocking charge rule (even if an employer can assert that Respondent's alleged failure to process an employee's decertification petition [123] violates the employer's due process rights) violates its constitutional due process rights. Unlike *Sparks Nugget*, here there has been no significant delay in processing the decertification petition. To the contrary, the decertification petition was filed on *the same day* that Petitioner filed this lawsuit. Moreover, *Sparks Nugget* relied on *McCormick*, which courts in this Circuit and the Third Circuit have treated with skepticism.[124]

Regardless, here, Petitioner has an adequate remedy. Respondent has issued a complaint on the Union's charge alleging that Petitioner unlawfully withdrew recognition of the Union as the employees' exclusive collective bargaining agent.[125] Prior to an enforcement proceeding under § 10(e), Respondent cannot compel Petitioner to recognize the Union.[126] Petitioner will be able to seek review of any agency determinations under NLRA § 10(f) or contest them in an enforcement action under § 10(e).[127]

---

**120.** *Id.*

**121.** *Id.* at *2.

**122.** *See* Resp. Ex. 11.

**123.** One day before the scheduled argument, the employee that filed the decertification petition moved to intervene. Dkt. 46. That motion is not yet ripe. This same employee filed a motion to intervene in the ULP proceeding. Pet. Ex. 8.

**124.** *Amerco v. NLRB*, 458 F.3d 883, 890 (9th Cir.2006); *Bakery, Confectionery & Tobacco Workers' Int'l Union, Local 6 v. NLRB*, 799 F.Supp. 507, 511 (E.D.Pa.1992) (questioning the viability of *McCormick* in light of more recent Third Circuit precedent and stating that "there is no reason to conclude that [the *Fay* ] exception is or will be recognized in the Third Circuit").

**125.** Resp. Ex. 2.

**126.** *See Grutka v. Barbour*, 549 F.2d 5, 10 (7th Cir.1977) ("If the Union wins this election and is certified by the Board, the [employer] may refuse to bargain with the Union and test the validity of the Board's jurisdiction in this Court. Similarly, if the union president should prevail in his unfair labor practice trial, the [employer] can defend an enforcement suit in this forum.").

**127.** 29 U.S.C. § 160(e)-(f). As Respondent notes, Petitioner also has various means of appealing any ruling by the ALJ on the ULP charges and Respondent's representation decision to the NLRB. *See* Dkt. 37 at 16 (citing 29 C.F.R. §§ 102.26, 102.71(b)).

Accordingly, the Court has no jurisdiction over Petitioner's request to process the decertification petition.

### D. Request for Declaratory Relief

 Petitioner also seeks an order declaring that the NLRB may not seek injunctive relief under NLRA § 10(j). "Whether or not to grant a declaratory judgment is a matter committed to the sound discretion of the district court." [128] Although the existence of other remedies does not preclude declaratory relief, "[d]eclaratory relief should be denied when it will neither aid in clarifying and settling legal relations in issue nor terminate the proceedings and afford the parties relief from the uncertainty and controversy they face." [129] When a declaratory judgment is sought, courts must also keep in mind that there must be an "actual controversy." [130] When reviewing administrative determinations, courts must be particularly careful not to unnecessarily entangle themselves in abstract disagreements over agency policy and interfere with unformalized agency decisions.[131]

Here, in essence, Petitioner has asked this Court to enjoin the NLRB from seeking to enjoin Petitioner at some indefinite point in the future. Respondent has indicated that it has not decided whether to pursue injunctive relief against Petitioner and, in any event, that any such relief does not overlap with the measures that Petitioner has already agreed to take in alleged settlement of one of the ULP charges.[132]

At oral argument, Petitioner's counsel conceded that it would have the right to challenge any injunctive relief in a future proceeding under § 10(j) should the NLRB commence such an action. He indicated that Petitioner was only seeking this relief because Respondent has been holding the possibility of seeking injunctive relief over Petitioner's head like the sword of Damocles in the ULP proceeding.

It would be irresponsible of this Court to attempt to predict what issues may arise in a future action between the NLRB and Petitioner under § 10(j). It would be even more irresponsible of the Court to attempt to resolve those issues at this time. In any event, Petitioner has conceded that it has an adequate alternate remedy. Accordingly, the Court has no jurisdiction to issue the declaratory judgment requested by Petitioner.

### E. Other Contentions

Throughout its over-length [133] Memorandum of Points and Authorities, Petitioner suggests that various NLRB procedures and Respondent's "biased" treatment of it violate its constitutional due process rights. The Court has examined these contentions and finds them to be irrelevant and inapposite to the question of whether this Court has jurisdiction. These scattershot allegations, which are only tangentially related to Petitioner's requested relief, do not amount to a "strong and clear showing" of a constitutional violation. In any event, they can all be addressed under the existing statutory scheme.[134]

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's request for a writ of

**128.** *Greater L.A. Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1112 (9th Cir.1987).

**129.** *Id.*

**130.** 28 U.S.C. § 2201; *see also John S. Griffith Constr. Co. v. United Bhd. of Carpenters & Joiners of S. Cal.,* 785 F.2d 706, 714 (9th Cir.1986) (citations omitted).

**131.** *National Park Hospitality Assoc. v. Department of the Interior,* 538 U.S. 803, 807–08, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003) (citing *Abbott Labs. v. Gardner,* 387 U.S. 136, 148–49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

**132.** Dkt. 37 at 5 n. 8, 20–21.

**133.** *See* L. Civ. R. 10.1(m).

**134.** 29 U.S.C. § 160(e)-(f).

mandate, GRANTS Respondent's motion to dismiss under Rule 12(b)(1), and DISMISSES the petition. All other pending motions are DENIED as moot.